**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adriana Collins, | No. CV-25-03188-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| First Citizens Bank & Trust Company, | |
| Defendant. | |

At issue is a discovery dispute between *pro se* Plaintiff Adriana Collins ("Collins") and Defendant First Citizens Bank & Trust Company ("First Citizens"). (Doc. 36). The dispute is the second since the start of litigation between the parties and related to the first. For the reasons set forth below the Court finds that the 30(b)(6) deposition set for July 31, 2026, should proceed as scheduled without any further documentation required as to the four identified applicants.

For the first discovery dispute, the Court held a telephonic hearing on January 22, 2026. (ECF. 29). One of the disputed issues at the hearing was comparator evidence reflecting background screening outcomes. (Doc. 36-2, Hearing Tr. 14:14–20, January 22, 2026). Essentially, Collins asked First Citizens to produce information related to individuals who applied for the same job she applied for, the consumer engagement center position, and who had a similar conviction history. (*Id.*) To refine it even more, Collins also asked for comparators of race, offense category, offense year, criminal offense category, criminal offense year, adjudication results, and the date. (*Id.* at 15:1–

8).   First Citizens stated that they did in fact turn over the data to Collins, but did so in a spreadsheet format, something Collins objected to as materials prepared in anticipation of litigation and not the raw underlying source material.  (*Id.* at 16:16–25).   The Court agreed that the source material should be turned over to Collins, and that the following information was especially pertinent: "background of the applicant, the race of the applicant, whether there's a prior conviction, and then the decision whether to hire or not hire the person."  (*Id.* at 17:14–17).  As far as the timeline of what would be turned over, the Court winnowed down the time from 2022 through 2024 to encompass when the incident occurred as well as when new amendments were made to the relevant law at issue. (*Id.* at 20: 1–5).

Now, Collins says that ahead of a scheduled deposition on July 31, 2026, she needs more information about four applicants with the following identifying markers: 250258102, 253161550, 281012944, and 284939802.  (Doc. 36-1 at 1).  She says these four applicants fall within the relevant timeframe and asks that she be provided more information about their "application, requisition, position-title, position-family, First Advantage, adjudication, individualized-assessment, source-packet, or Bates records necessary to prove or test its exclusion claim." (*Id.*) First Citizen counters that this information is beyond the scope of the comparator evidence it is required to produce because the applicants identified by Collins did not apply for the same position she applied for. (*Id.*)  Moreover, First Citizens argues that the data for those four applicants only reveals their criminal background records, which are not only highly confidential, but also within the possession of First Citizens' third-party background check vendor, First Advantage.  (*Id.* at 2). Mainly, First Citizens argues that the request is untimely because it was made a mere three days before the scheduled deposition on July 31, 2026. (*Id.*) First Citizens also points out that it was only given ten days to prepare for the deposition as is because of the delayed service of the deposition notice.  (*Id.*)

The Court finds that Collins' request is untimely. Generally, when a deposition notice is accompanied by a production request, a minimum of 30 days' notice is required.

*See* Fed. R. Civ. P. 30(b)(2)(A); *see also Van Scoy v. New Albertson's Inc.*, 2011 WL 1079914, at *4, fn. 4 (E.D. Cal. Mar. 21, 2011).  The advance notice allows the party being deposed to respond with objections, should it have any. Here, Collins is asking the Court to order First Citizens to produce more information about the identified applicants, three days ahead of the scheduled deposition.  Even assuming that Collins raised this issue on July 6 as she said she did or refined the identification to just the four applicants in question on July 20, that is still not thirty days in advance of the scheduled deposition. (Doc. 36-1 at 1).  Additionally, the Court finds that First Citizens cannot turn over documents that reside with a third-party within such a confined timeframe.  A party is deemed to have control of documents for purposes of discovery if the party has "the legal right to obtain documents on demand." *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989).  First Citizens states that the documents for the four applicants are with First Advantage, their party background check vendor, and that they do not have access to the documents.  (Doc. 36-1 at 2).  While First Citizens may or may not have a legal right to obtain the documents on demand, given the strict timeline of three days, the Court does not believe this is enough time for First Citizens to obtain and then turn over the documents to Collins.  Had Collins attempted to obtain these documents beforehand, perhaps a different result could have ensued. Because First Citizens requested documents are with a third party, the Court will not order First Citizens to turn them over to Collins ahead of the deposition. *Hardge v. Adams*, 2009 WL 410125, at *2 (E.D. Cal. Feb. 17, 2009). Based on the above, the Court finds that the 30(b)(6) deposition should go forward as scheduled on July 31, 2026, without any further production required of First Citizens as to the four identified applicants.

/ / /

/ / /

/ / /

/ / /

- 3 -

Accordingly,

**IT IS ORDERED** that the Motion for Prompt Consideration of Joint Discovery Dispute (Doc. 36) is granted in so far as the 30(b)(6) deposition scheduled for July 31, 2026, should proceed without additional documentation as to the four identified applicants.

Dated this 29th day of July, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 4 -